Berg *v.* S. E. Sostmann Co., Appellant.

Submitted November 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Albert M. Hankin,* for appellant.

*Ellis Rudman,* for appellee.

OPINION BY CUNNINGHAM, J., March 12, 1941:
Plaintiff, employed as a meat salesman for defendant

from January 16, 1939, until April 13, 1940, sued to recover a commission of $31.61 upon sales of beef to Hotel Philadelphian between March 7 and April 9, 1940, aggregating $632.27. Admittedly, he was entitled, under his contract of employment in force during that period, to a commission of five per cent upon the business the defendant received through his efforts.

The case was tried before a judge sitting without a jury. Under the pleadings there was a controversy relative to the actual amount of the sales. It was stipulated upon the record that the total amount of the sales in question is $531.63, and that if plaintiff is entitled to recover anything the amount due him would be $26.58. The only questions which arose under the pleadings and the evidence were pure issues of fact.

Defendant's secretary testified he had notified plaintiff that defendant would not pay him any commissions on sales to Hotel Philadelphian after March 9, 1940. Plaintiff, while admitting there had been some discussion about orders from and sales to this hotel, denied any such notice had been given. The trial judge believed plaintiff's testimony and decided this issue in his favor.

One other issue arose. Plaintiff admitted he had been paid his commissions on all sales other than those to the Hotel Philadelphian, and had given a number of receipts therefor to defendant. A receipt, dated April 13, 1940, (the date upon which plaintiff's employment terminated) for the sum of $9.53, and bearing upon its face the words—"Sales commissions in full to date, $190.63 at 5 per cent"—was produced by defendant. Plaintiff admitted the signature to the receipt was his, but asserted positively that the words above quoted were not on the receipt when he signed it. Defendant's secretary testified with equal positiveness that the notation was in his handwriting and that the words were on the receipt when plaintiff signed it. Again, the trial judge accepted plaintiff's testimony as

the truth and decided this issue of fact against the defendant.

These findings of the trial judge have the force and effect of a verdict; they are supported by competent evidence and we have neither the power nor the disposition to disturb them.

In entering judgment on the findings, the court below seems to have overlooked the stipulation relative to the amount to which plaintiff is entitled in the event of findings in his favor.

Judgment affirmed to the extent of $26.58.